## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BRETT PHILLIP CORWIN, | Case No. 19-CV-0950 (ECT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. MARQUES, Warden, | |
| Respondent. | |

Petitioner Brett Phillip Corwin was convicted in the United States District Court for the Southern District of Iowa on one count of receipt of a visual depiction of a minor engaged in sexually explicit conduct and was sentenced to a 60-month term of imprisonment. *See United States v. Corwin*, No. 4:16-CR-0159 (JAJ/CFB) (S.D. Iowa). Corwin is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. His release date is scheduled for March 5, 2020.

This matter is now before the Court on Corwin's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. In his petition, Corwin contends that the recently enacted First Step Act of 2018 ("FSA") entitles Corwin to an earlier release date than that being calculated by the Federal Bureau of Prisons. Because Corwin's petition is without merit, it is recommended that this matter be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Although Corwin's petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

1

The FSA, among other things, amends to the language of 18 U.S.C. § 3624(b)(1) regarding how good conduct time is awarded to federal prisoners, in effect increasing the good conduct time for which prisoners are eligible from 47 days to 54 days per year.  *See* FSA, Public Law No. 115-391, Title I, § 102(b)(1)(A), 132 Stat. at 5210; *Jafri v. Barnes*, No. 19-CV-0456 (JNE/DTS), ECF No. 9 at 3-4 (D. Minn. Apr. 12, 2019) (explaining amendment to § 3624(b)(1)).  That said, § 102(b)(2) of the FSA makes clear that the amendment to good conduct time does not take effect until the Attorney General completes a "risk and needs assessment system," which has not yet occurred (and which must occur by no later than July 19, 2019).  *Ibid*.

Corwin does not contend that this reading of the statute is incorrect in a literal sense.  Instead, he argues, in essence, that Congress simply made a mistake in how it drafted the FSA.  According to Corwin, the risk and needs assessment system is necessary for determining eligibility for a new system of "earned time credits" also implemented by the FSA, *see* 18 U.S.C. § 3624(g).  By contrast, the changes to good conduct time are purely arithmetical; nothing about the risk and needs assessment system will affect how much good conduct time to which a prisoner will be entitled, and therefore (Corwin argues) Congress could not have intended the changes to good conduct time to be tied to the risk and needs assessment system.  The good conduct time changes, Corwin concludes, should therefore be implemented immediately.

Yet the FSA says what it says.  The statute states unambiguously that the amendments to § 3624(b)(1) altering how good conduct time is to be calculated will not take effect until the risk and needs assessment system has been completed and that the

government has additional time in which to complete that system.  If language in a statute is plain, the Court will enforce it according to its terms unless doing so leads to an absurd result.  *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004).  This Court cannot say that the brief delay in implementation of the good time conduct amendments is an absurd result on its face. [2]  *See also, e.g.*, *Butler v. Warden, Williamsburg FCI*, No. 4:19-0726 (MBS), 2019 WL 2088627 (D.S.C. May 13, 2019) (denying similar challenge under FSA); *United States v. Lorenz*, No. 5:17-CR-493, 2019 WL 2082280 (N.D. Ohio May 13, 2019) (same); *Hoenig v. United States*, No. 4:19-CV-374, 2019 WL 2006695 (N.D. Texas May 7, 2019) (same); *United States v. Richards*, No. 3:05-CR-0185, 2019 WL 2008572, at *4-6 (M.D. Tenn. May 7, 2019) (same).  Corwin's habeas petition should thus be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus of petitioner Brett Phillip Corwin [ECF No. 1] be DENIED and this matter DISMISSED.

---

[2] This Court notes that, in Corwin's case, the effective date of the FSA would seem to make little (if any) difference.  "The good-time fix is clearly intended to be retroactive, as it applies equally to all inmates, whether they offended before, on, or after the date of enactment of the FSA."  *United States v. Richards*, No. 3:05-CR-0185, 2019 WL 2008572, at *4 (M.D. Tenn. May 7, 2019).  Corwin attests that, under the FSA, he is entitled to 35 additional days of good time credit.  *See* Petition at 14 [ECF No. 1].  If true, Corwin's new release date will be rescheduled for January 30, 2020.  The only question is *when* that rescheduled release date will become official: immediately, or upon the completion of the risk and needs assessment system.

Dated: May 29, 2019                             s/ *Steven E. Rau*
                                                Steven E. Rau
                                                U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).